UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DISTRICT

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 1 2 2016
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| DAVID LIBRACE, <br> 203 SOUTH 7TH STREET <br> WEST HELENA, ARKANSAS 72390 <br> Plaintiff, | CIVIL ACTION NO. 2:16cv74 |
| v. | COMPLAINT |
| DEBORAH HELTON WRIGHT <br> aka DEBBIE WILLETTE, DEBORAH <br> HELTON WRIGHT WILLETTE, AND <br> DEBORAH FAYE WILLETTE <br> 6472 ANTIETAM DRIVE <br> PENSACOLA, FLORIDA 32503 | **JURY TRIAL DEMANDED** <br><br> This case assigned to District Judge _Moody_ <br> and to Magistrate Judge _Volpe_ |
| TERRY WILLETTE, SR. <br> 6472 ANTIETAM DRIVE <br> PENSACOLA, FLORIDA 32503 | |
| A.C.E.S. INVESITGATION <br> 6472 ANTIETAM DRIVE <br> PENSACOLA, FLORIDA 32503 <br> Defendant. | |

Plaintiff David Librace, Pro-Se, for his Complaint against Defendant Deborah Helton Wright Willette, alleges as follows:

### NATURE OF ACTION

1. By this action, Plaintiff seeks to recover damages for defamatory, libel, and slanderous statement made by Defendant, an individual, through written communications directly with Plaintiff, Phillips County Arkansas Clerk of Court, Helena West Helena Arkansas Police, Phillips County Arkansas Sheriff Office, Florida First District Court of Appeals, Santa Rosa County Florida Clerk of Court, Arkansas Federal Bureau of Investigation, and various other government officials, businesses, and individuals. Furthermore, per Defendants own statements verbal communications, made public

statements which were false, defamatory, and injurious to Plaintiff's professional and personal reputation. Due to Defendant's own communication about Plaintiff, placed Plaintiff in direct harm of physical and damage to personal property by other individuals to whom Defendant communicated.

## JURIISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) because the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States.

3. This Court has personal jurisdiction over Goodell pursuant to Rule 4(c) of the Federal Rules of Civil Procedure. Defendant's defamatory, slanderous and libel statements were made from Florida to Arkansas in which Arkansas local, state, and federal agencies were communicated to by Defendant and continuously transmitted in this judicial district.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3).

## THE PARTIES

5. Plaintiff is a citizen of the State of Arkansas.

6. Defendant Deborah Willette upon information and belief, a citizen of the State of Florida.

7. Defendant Terry Willette, Sr. upon information and belief, a citizen of the State of Florida.

8. A.C.E.S. Investigation, upon information and belief, a business owned and operated by Terry Willette, Sr. a business in Florida.

## BACKGROUND

9. On April 1, 2014 Defendant via email sent a letter to Plaintiff in which Defendant makes multiple defamatory, slanderous, and libel statements.

    A. Defendant claims Plaintiffs "you have so many alias",

    B. Defendant claims Plaintiff "your IQ being around 10",

    C. Defendant claims Plaintiff "serve alcohol to minors",

    D. Defendant claims Plaintiff "filed a lot of false police reports",

    E. Defendant claims Plaintiff "raise Frederick (*minor child*) to be gay",

    F. Defendant claims Plaintiff "has aberrant behaviors such as cruelty to people

      or animals, stealing, etc"
G. Defendant claims Plaintiff "stole Johnny's property after h paid for it",
H. Defendant claims Plaintiff "is practice law without a license",
I. Defendant claims Plaintiff "is a private investigator without a license",
J. Defendant claims Plaintiff "is committing fraud",
K. Defendant claims Plaintiff "burned downed two homes",
L. Defendant claims Plaintiff "tried to steal property from Mr. McNeil
M. Defendant claims Plaintiff "IQ of 20 like yours are considered to be retarded",

8. Defendant continues the defamatory, slander, and libel statements then are continued throughout social media via Facebook, Weebly, Instar, Aggify, and other social media accounts.

9. Defendant used social media and contacted Plaintiff neighbors, Desoto School staff and students, friends, and other individuals through messaging and account post statements made in paragraph 7.

10. Defendant further interjected the statements made in paragraph 7 into Motions, Briefs, and Reply's two court cases in Santa Rosa County Florida in which Defendant is not a listed party nor witness.

11. Defendant is not a licensed attorney: therefore, practice law without a license.

12. On May 6, 2014, Plaintiff filed a police report regarding Defendant online stalking and statements.

13. Defendant continued harassment and new statements referring to Plaintiff as a pedophile led to human feces being spread on Plaintiff front door and then gun shots being fired at Plaintiff resident on September 25, 2014.

14. The stalking and harassment continued and on July 21, 2015, Plaintiff filed a restraining order against Defendant.

15. At the court hearing for Plaintiff to obtain a protective order against Defendant and another separate individual before the Honorable Judge Bell in Phillips County Arkansas under oath that the party confirmed it was the Defendant had created Facebook accounts, emails, Weebly, Aggify, and other social media accounts to give the illusion

Defendant claims were truthful when sharing defamation, slanderous, and libel statement.through the various

16. Defendant further testified that Defendant husband Terry Willette, Sr. and Defendant were paying the legal fees on behalf of the other individual. Defendant husband Terry Willette, Sr. of A.C.E.S. Investigation Services tried to serve legal paperwork violating the Protective Order on August 14, 2015. Mr. Willette appeared at Plaintiff residence trying to serve paperwork for the private attorney which Mr. Willette was paying displaying a firearm to harass and intimidate.

17. During a Court before the Honorable Judge Simon in Santa Rosa County Florida Defendant Terry Willette, Sr. with the assistance of attorney Ryan Barnett advises the Court that Mr. Willette completed service and had no interest in this case before the Court..

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
*(Slander Per Se - Injury to Professional Reputation)*

18. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 to 17 as if fully set forth at length herein.

19. Defendant's Statements and publications described herein ("Statements") concerned Plaintiff were false.

20. Defendant's Statements were widely published and not privileged in any manner.

21. Defendant's Statements were made with reckless disregard of their truth or falsity and/or with malice.

22. Defendant's Statements were slanderous per se because they injure Plaintiff's professional reputation.

23. Defendant's Statements forever falsely taint and permanently damage Plaintiff, in the eyes of community and law enforcement community, as a person who brazenly disregards the law and intentionally attempts to follow the laws. The public will forever mention Plaintiff name in a negative and harmful and the public will remember Plaintiff will ill repute rather than Plaintiff substantial accomplishments of community service and future opportunities.

### SECOND CLAIM FOR RELIEF

**(Slander Per Se - Injury to Professional Reputation)**

24. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 to 23 as if fully set forth at length herein.

25. Defendant's Statements concerned Plaintiff were false.

26. Defendant's Statements were widely published and not privileged in any manner.

27. Defendant's Statements were made with reckless disregard of their truth or falsity and/or with malice.

28. Defendant's Statements were slanderous per se because they injure Plaintiff's professional reputation.

29. Defendant accused Plaintiff of engaging in a pattern of behavior defined to intentionally injure others for financial profit. Defendant's Statements permanently damage Plaintiff personal reputation in Arkansas and around the world. Plaintiff will likely face difficulties and has, will likely face difficulties in obtaining other employment and or trust as a result of Defendant's false and defamatory Statements.

### THIRD CLAIM FOR RELIEF
**(Slander Per Se - Accusations of Criminal Conduct)**

30. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 to 29 as if fully set forth at length herein.

31. Defendant's Statements concerned Plaintiff and were false.

32. Defendant's Statements were widely published and not privileged in any manner.

33. Defendant's Statements were made with reckless disregard of their truth or falsity and/or with malice.

34. Defendant's Statements were glanderous per se because they allege Plaintiff was engaged in criminal conduct.

35. Defendant's accused Plaintiff of engaging in a pattern of behavior designed to intentionally injure other persons for financial loss and physical harm to other persons. Defendant's false statement forever falsely taint and permanently damage Plaintiff in the eyes of the public as a person who ignores rules and intentionally attempts to injure others.

### FOURTH CLAIM FOR RELIEF

### (Slander By Implication)

36. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 to 35 as if fully set forth at length herein.

37. Defendant's Statements concerned Plaintiff and indicate the existence of other facts which are defamatory.

38. Defendant's Statements were widely published and not privileged in any manner.

39. Defendant's Statements were made with reckless disregard of their truth or falsity and/or with malice.

40. Defendant had no reasonable grounds for believing the truth of of her Statements. Defendant relied on, at best, hearsay, circumstantial evidence and lies in making the Statements.

41. Defendant's Statements forever falsely taint and permanently damage Plaintiff, in the eyes of community and law enforcement community, as a person who brazenly disregards the law and intentionally attempts to follow the laws. The public will forever mention Plaintiff name in a negative and harmful and the public will remember Plaintiff will ill repute rather than Plaintiff substantial accomplishments of community service and future opportunities..

### FIFTH CLAIM FOR RELIEF
### (Slander Per Se - Reckless Disregard/Malice)

42. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 to 41 as if fully set forth at length herein.

43. Defendant's Statements and publications described herein ("Statements") concerned Plaintiff were false.

44. Defendant's Statements were widely published and not privileged in any manner.

45. Defendant's Statements were made with reckless disregard of their truth or falsity and/or with malice.

46. Defendant had no reasonable grounds for believing the truth of of her Statements. Defendant relied on, at best, hearsay, circumstantial evidence and lies in making the Statements.

47. Defendant's Statements forever falsely taint and permanently damage Plaintiff, in

the eyes of community and law enforcement community, as a person who brazenly disregards the law and intentionally attempts to follow the laws. The public will forever mention Plaintiff name in a negative and harmful and the public will remember Plaintiff will ill repute rather than Plaintiff substantial accomplishments of community service and future opportunities..

### SIXTH CLAIM FOR RELIEF
(Libel Per Se - Injury to Professional Reputation)

48. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 to 47 as if fully set forth at length herein.

49. Defendant's Statements and publications described herein ("Statements") concerned Plaintiff were false.

50. Defendant's Statements were widely published and not privileged in any manner.

51. Defendant's Statements were made with reckless disregard of their truth or falsity and/or with malice.

52. Defendants Statements were made with libelous per se because they injure Plaintiff personal reputation.

52. Defendant's Statements forever falsely taint and permanently damage Plaintiff, in the eyes of community and law enforcement community, as a person who brazenly disregards the law and intentionally attempts to follow the laws. The public will forever mention Plaintiff name in a negative and harmful and the public will remember Plaintiff will ill repute rather than Plaintiff substantial accomplishments of community service and future opportunities.

### SEVENTH CLAIM FOR RELIEF
(Libel Per Se - Injury to Personal Reputation)

53. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 to 52 as if fully set forth at length herein.

54. Defendant's Statements and publications described herein ("Statements") concerned Plaintiff were false.

55. Defendant's Statements were widely published and not privileged in any manner.

56. Defendant's Statements were made with reckless disregard of their truth or falsity and/or with malice.

57. Defendants Statements were made with libelous per se because they injure Plaintiff professional reputation.

52. Defendant's Statements forever falsely taint and permanently damage Plaintiff, in the eyes of community and law enforcement community, as a person who brazenly disregards the law and intentionally attempts to follow the laws.  The public will forever mention Plaintiff name in a negative and harmful and the public will remember Plaintiff will ill repute rather than Plaintiff substantial accomplishments of community service and future opportunities and entering  new ventures as a result of Defendant's false and defamatory Statements.

## EIGHTH CLAIM FOR RELIEF
### (Libel Per Se - Accusations of Criminal Conduct)

58. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 to 57 as if fully set forth at length herein.

59. Defendant's Statements concerned Plaintiff and were false.

60. Defendant's Statements were widely published and not privileged in any manner.

61. Defendant's Statements were made with reckless disregard of their truth or falsity and/or with malice.

62. Defendant's Statements were libel per se because they allege Plaintiff was engaged in criminal conduct.

63. Defendant's accused Plaintiff of engaging in a pattern of behavior designed to intentionally injure other persons for financial loss and physical harm to other persons. Defendant's false statement forever falsely taint and permanently damage Plaintiff in the eyes of the public as a person who ignores rules and intentionally attempts to injure others.

## NINTH CLAIM FOR RELIEF
### (Libel By Implication)

64. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 to 63 as if fully set forth at length herein.

65. Defendant's Statements concerned Plaintiff and indicate the existence of other facts which are defamatory.

66. Defendant's Statements were widely published and not privileged in any manner.

67. Defendant's Statements were made with reckless disregard of their truth or falsity and/or with malice.

68. Defendant had no reasonable grounds for believing the truth of of her Statements. Defendant relied on, at best, hearsay, circumstantial evidence and lies in making the Statements.

69. Defendant's Statements forever falsely taint and permanently damage Plaintiff, in the eyes of community and law enforcement community, as a person who brazenly disregards the law and intentionally attempts to follow the laws.  The public will forever mention Plaintiff name in a negative and harmful and the public will remember Plaintiff will ill repute rather than Plaintiff substantial accomplishments of community service and future opportunities..

### TENTH CLAIM FOR RELIEF
### (Libel Per Se - Reckless Disregard/Malice)

70. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 to 69 as if fully set forth at length herein.

71. Defendant's Statements and publications described herein ("Statements") concerned Plaintiff were false.

72. Defendant's Statements were widely published and not privileged in any manner.

73. Defendant's Statements were made with reckless disregard of their truth or falsity and/or with malice.

74. Defendant had no reasonable grounds for believing the truth of of her Statements. Defendant relied on, at best, hearsay, circumstantial evidence and lies in making the Statements.

75. Defendant's Statements forever falsely taint and permanently damage Plaintiff, in the eyes of community and law enforcement community, as a person who brazenly disregards the law and intentionally attempts to follow the laws.  The public will forever mention Plaintiff name in a negative and harmful and the public will remember Plaintiff will ill repute rather than Plaintiff substantial accomplishments of community service and

future opportunities..

## ELEVENTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

76. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 to 75 as if fully set forth at length herein.

77. Defendant's Statements and conduct were extreme and outrageous.

78. Defendant's Statements and conduct have caused Plaintiff to suffer emotional distress.

79. Defendant knew and intended tat Plaintiff would suffer severe emotional distress as a result of his statement and conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment as follows:

80. Awarding Plaintiff all compensatory damages he has suffered, including consequential and incidental damages, as a result of Goodell's wrongful conduct is an amount to determined at trial:

81. Awarding Plaintiff punitive damages in a just amount for Defendant's willful and wanton conduct;

82. Awarding Plaintiff pre-judgment and post-judgment interest;

83. Awarding Plaintiff his cost, expenses, and reimbursement to court any fees incurred with this action; and

84. Awarding Plaintiff such other relief as the Court finds just and proper.

Dated: West Helena, Arkansas
May 3, 2015

Respectfully submitted,

By: _____
David Librace, Pro-se
203 South 7th Street
West Helena, Arkansas 72390
(786) 342-4032
Facsimile (870) 753-4088